245 So.2d 724 (1971)
Billy Joe JACKSON
v.
WEST JEFFERSON GENERAL HOSPITAL et al.
No. 4334.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1971.
*725 Walter F. Gemeinhardt, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, H. Martin Hunley, Jr., New Orleans, for defendant-appellee.
Before LEMMON, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
This is an appeal by the plaintiff-appellant, Billy Joe Jackson, from an adverse jury verdict dismissing the plaintiff's claim for damages against West Jefferson General Hospital and Dr. Frank A. Rizza, defendant-appellees, as a result of surgery consisting of repair of a right inguinal and left inguinal hernia.
The plaintiff contends that he was injured on October 12, 1968, while in the employment of Noble Drilling Corporation and that the operation was required to repair the hernia resulting from the said injury. The operation was performed at the defendant hospital and the surgery was performed by Dr. Rizza.
The plaintiff contends further that defendant, Dr. Rizza, was negligent and failed to use proper standards of care in the performance of the surgery, thereby causing plaintiff anxiety, pain, and suffering as well as necessitating an additional *726 subsequent operation in order to correct the improper surgery. Alternatively, the plaintiff urges the applicability of the doctrine of res ipsa loquitur.
Plaintiff complains that the trial court erred in its failure to properly charge the jury as requested in special charges presented to the trial judge. In particular, he complains in his brief that the trial judge erred in failing to charge the jury that if plaintiff's pre-existing condition was aggravated by medical malpractice, then he was entitled to damages for the aggravation of a pre-existing condition. Plaintiff further contends that the court erred in failing to give a more complete res ipsa loquitur charge to the jury which places the responsibility on the physician to exonerate himself from negligence, and that the court also erred in awarding expert fees to Dr. J. I. Cranmer and Dr. Robert L. Carter, attending physicians, for the reason that they did not testify as experts but rather in their capacity as attending physicians.
The plaintiff herein particularly specified that portion of the trial record which he desired to become a part of the appellate court's original record for consideration by this court on review. Plaintiff included the petition, the answer filed by the defendant, Dr. Frank Rizza, medical records of West Jefferson General Hospital, defendant's request for jury charge No. 2 and the charges given to the jury by the court as part of the appellate court's record. The supplemental record designated by plaintiff included in addition the plaintiff's requested charges as well as the action of the trial judge on the requests, the verdict of the jury and the judgment of the court.
In accordance with the provisions of LSA-C.C.P. Art. 2128, the appellant designated those portions of the record which he desired to constitute the record for appellate review. He omitted the transcript of testimony taken below and thus it cannot be considered by this court.
It is significant that the appellant excepted and objected only to the failure of the trial judge to give a portion of the requested charge on res ipsa loquitur. Thus, in accordance with C.C.P. Art. 1793, he is thereby precluded on appeal from assigning as error the giving or failure to give any other instructions to the jury.
Appellant seeks a remand of this matter to the trial court. In considering the merit of his request, the trial judge gave the following instructions:
"I charge you that the doctrine of res ipsa loquitur applies if you find as a fact that the plaintiff's alleged injury resulted from Dr. Rizza's tying the ring too tight, or his failure to have recognized the tightness of the ring under the circumstances, and further find that it would not have occurred except for some negligence or deviation from the standard of professional skill and care exercised by doctors.
"You are further instructed that if you find the ring was tied too tight under the circumstances, and that it would not have happened but for some fault on the part of Dr. Rizza, then evaluate the actions of Dr. Rizza, and decide if he has expained his conduct to exculpate himself."
The trial judge denied the balance of the requested charge, as follows:
"if you find the ring was tied too tite [sic], under the circumstances, and the operation was not in accordance with accepted professional standards in the community, then it follows logically that, if it was done, it was done accidentally or in deviation from accepted standards. This would then call for the application of the doctrine of res ipsa loquitur if some untoward event occurred, or some omission or act from which there resulted something not ordinarily found to result during the operation, the surgeon must show that such unusual occurence *727 [sic] did not result from negligence on his part."
A charge, even if it is a correct statement of the law, must be based on evidence adduced in the case in order for the jury to make the conclusion permitted in the charge. Guerra v. W. J. Young Construction Co., Inc., 165 So.2d 882 (La.App. 4th Cir. 1964).
This court is unable to determine whether or not the charges presented to the trial judge by appellant were proper and should have been given for the reason that the charges as requested were predicated on the evidence submitted at the trial. Without that evidence as part of the record before this court, we are precluded from reviewing the testimony and, therefore, are unable to ascertain whether or not the trial court erred.
In regard to the issue of the award of expert fees, we cannot determine whether Dr. J. I. Cranmer and Dr. Robert Carter testified at the trial as experts or as attending physicians because the transcript of their testimony has not been made a part of the record. Since there can be no determination from the record that these Doctors testified other than as experts, we cannot find that the trial judge erred in awarding expert fees to Dr. Cranmer and Dr. Carter.
In the absence of a showing that the trial court committed manifest error, the judgment of the trial court must be affirmed. Gulling v. E. I. Du Pont de Nemours & Co., 228 So.2d 750 (La.App. 4th Cir. 1969); Motion Picture Advertising Corporation v. Smith, 207 So.2d 847 (La. App. 1st Cir. 1968).
We fail to find from the record as presented on appeal that manifest error was committed by the trial judge. Accordingly, the judgment is affirmed.
Affirmed.