LOTTINGER, Judge.
This action resulted from an automobile-pedestrian collision. The plaintiff-appellant is Miss Joyce Marie Hayes. The Lower Court rendered judgment for defendants, State Farm Mutual Automobile Insurance Company, the insurer of a vehicle owned by James N. Mitchell, and driven by his wife, Mrs. Jocelyn P. Mitchell, the three defendants-appellees herein, dismissing plaintiff’s suit and plaintiff has filed this appeal.
This suit arises out of an accident which occurred in Baton Rouge at 2:20 p. m. on January 5, 1970 at the intersection of Convention Street and North 17th Street. There were no traffic controls at the intersection. Each street is two-laned and paved with brick. The posted speed limit is 30 m. p. h. The plaintiff-pedestrian was walking north on North 17th Street, intending to cross Convention Street and continue north on North 17th Street. Defendant-driver, Mrs. Jocelyn P. Mitchell, was going east on Convention Street having just picked up her husband at his doctor’s office at 1410 Convention Street, less than three blocks from the place of the accident. The sole question on the appeal is the factual question of whose negligence caused the accident.
Plaintiff claims she approached the curb and was standing with one foot on the curb and one foot in the street, waiting for defendants’ car to pass, when the car swerved toward the curb and struck her.
Defendants claim that Mrs. Mitchell was driving in a normal manner assuming that the plaintiff would remain on the sidewalk, but when the Mitchell vehicle drew even with the plaintiff-pedestrian, the latter suddenly stepped off of the curb and walked into the right side of the Mitchell vehicle.
A portion of the findings of fact by the Lower Court as contained in its written Reasons For Judgment, follows:
“Plaintiff testified that she had stepped from the curb down to the street level when the Mitchell car swerved from a direct line and hit her. She said she was not ‘in the street’. Since it was raining she had an umbrella open and over her head.
“James Mitchell’s testimony substantially was a corroboration of his wife’s.
“The investigating officer placed the approximate point of collision three (3) feet east of the west parallel line of North 17th Street and four (4) feet north of the south parallel line of Convention. There were no skidmarks because of a cold drizzling ran, but he ascertained that the car went four (4) feet past the point of collision.
“With approval of both counsel, the Court inspected the scene of the accident. Both streets are wide enough for a lane of traffic in each direction but without a dividing line in the center. Convention Street is made of brick with an extention or gutter of concrete only slightly lower than the brick surface next to the curb on the south side.
“The Court is convinced that the driver of the Mitchell vehicle was not negligent. Even though she saw plaintiff approaching the street she was entitled to assume *462 that Miss Hayes would stop upon reaching the curb. When it became apparent plaintiff would not stop, the accident was then unavoidable to her. The point of collision, four (4) feet from the curb, convinces the Court that the defendant was truthful when she stated that her car did not change directions toward the curb.
“But even if defendant be deemed negligent, the Court is also convinced that Miss Hayes was guilty of contributory negligence in leaving the curb while a car was approaching in the cold drizzling rain. While she states ‘she was not in the street’, the point of collision established by the officer was four (4) feet from the curb and she herself admits stepping down from the curb. As noted above, the concrete strip on the side of the street is nearly the same level and could be properly termed a part of the street rather than a ditch or gutter.
“The Court is convinced that Miss Hayes because of the inclement weather and the admitted use of an umbrella simply did not see the approaching car and walked into its side. This constituted negligence and would be the sole cause of the accident, or under the best of circumstances for her a contributing cause.”
We quote some of the testimony presented to the trial court on which it based its decision.
The gist of the testimony of plaintiff is this:
Q. How did this accident occur ?
A. The accident occurred while I was standing on a corner waiting until the cars passed. And, the cars had passed ; and, I seen this car coming after the rest of the cars passed. I waited for this car to pass. I stepped down. I still had one feet on the corner; then, the car was coming. Then, it got out of line and came close to the curb and hit me.
Q. It came close to the curb and then hit you? And, then, broke your hip?
A. Broke my hip.
Q. You were still on the curb with one foot on the curb, you say?
A. One foot was on the curb and one foot was off.
The defendant, Mrs. Jocelyn P. Mitchell, testified:
Q. Did you see the pedestrian before the accident occurred ?
A. Yes, sir, I did.
Q. What was she doing when you first saw her?
A. She was walking on the sidewalk

Q. In what direction ?
A. . coming to the curb.
Q. And, about where were you when you saw her?
A. I’d say about ten feet away.
Q. And, then, what happened?
A. Well, my husband said: “Watch it, she’s not stopping.” But, I already had applied my brakes, sir.
Q. And, were you able to stop before the car came in contact with her?
A. Well, the car had passed her, sir; and, she had walked into the fender of the car between the headlight and the wheel.
The investigating police officer who arrived at the scene less than five minutes after the accident stated that the car only traveled about four feet beyond the point of collision indicating minimum speed and alert braking by Mrs. Mitchell.
We find that there is ample evidence to support the factual conclusions of the Lower Court and find no error in the conclusions.
*463 The trial judge was correct in concluding that Mrs. Mitchell was entitled to assume plaintiff would stop at the curb. She did not have to anticipate that an adult pedestrian would step off of the curb and walk into the side of her car.
In Comeaux v. State Farm Mutual Automobile Insurance Company, 231 So.2d 674, La.App., First Cir. (1970), in which writs were refused by the Supreme Court, 256 La. 69, 235 So.2d 96, this Court found the pedestrian negligent in attempting to cross a street other than at an intersection and in failing to maintain a proper lookout. In this case, the appellate court cited with approval the following language from the decision of the trial judge:
“Although a motorist or pedestrian, faced with a green light, is entitled to assume that others will accord him the right of way, he is not thereby exempt from all duty and responsibility for using his senses of sight and hearing to avoid being injured.
“The duty of keeping a proper lookout and of observing traffic obviously coming is equally applicable to both pedestrians and motorists. See Burnett v. Marchand (La.App.) 186 So.2d 383, from which the following quotation is taken:
“ ‘Learned counsel for appellants argues that the operator of a motor vehicle is held to have seen that which he could or should have seen by the exercise of reasonable care. The rule cited, admittedly pertinent in all cases, is likewise applicable to pedestrians who are charged with the duty of observing approaching traffic when attempting to cross a street or roadway (Citing cases).’”
In Rowe v. Hardware Dealers Mutual Fire Insurance Company, 208 So.2d 409 (La.App.1960), the plaintiff walked into the side of defendant’s automobile. Plaintiff argued that the defendant had the last clear chance to avoid the accident, since the plaintiff came from a curb and across one lane of traffic before being struck by the defendant driver. The Court, in refusing to apply the last clear chance doctrine, stated as follows:
“Assuming arguendo that even if Miss Finn had observed the plaintiff on the curb or in the right lane of traffic seconds prior to the accident, the law is well settled to the effect that a motorist who observed an adult pedestrian in such a position may assume that he or she will not decide to run or walk into the path of an approaching automobile.”
We have to agree with the Lower Court that the plaintiff leaving the sidewalk constitutes negligence and would be the sole cause of the accident or, under the best circumstances for plaintiff, a contributing cause. For the reasons hereinabove assigned, the judgment of the Lower Court is affirmed, all costs of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.