291 So.2d 904 (1974)
John C. BONO and Miss Kathleen Oncale
v.
Henry H. COUSINS and Manchester Insurance and Indemnity Company.
No. 6056.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
Rehearing Denied April 9, 1974.
*905 Gerald J. Leydecker, New Orleans, for plaintiffs-appellants.
Lawrence J. Fritz, Lambert, Nowalsky & Lambert, New Orleans, for defendants-appellees.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
From a judgment for one driver and his passenger against the second driver and the first's uninsured motorist insurer in a left-turn vehicular collision case, the insurer and both plaintiffs appeal. Issues are liability and quantum.
Defendant driver, southbound on a four-lane roadway divided by a three-to six-foot-wide median, turned left at a green light and was struck along the rear half of the right rear fender by plaintiff driver's northbound car (which also had a green light).
The accident occurred about 8 p. m. Both cars had headlights burning. Neither car was exceeding the 35-mph limit.
Defendant testified that he only saw plaintiff's car as "a streak of yellow" before the collision.
A driver following defendant testified defendant gave no turning signal but suddenly turned left into plaintiff car's path. Plaintiff driver testified he never noticed defendant car until "it was in front of my face." Similarly plaintiff passenger testified *906 she did not notice defendant car until it was turning into the intersection.
There was ample evidence for the trial judge's conclusion that defendant "executed a left turn directly into" the path of plaintiff driver, who did not have "the last clear chance" to avoid the collision. A trial court's "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review * * *"; Canter v. Koehring, La.1973, 283 So.2d 716, 724. We find no error in the determination of liability.
On quantum, plaintiff driver concedes that the insurer's uninsured motorist coverage does not include property damage, stipulated at $650. Plaintiff driver agrees that the lump-sum judgment of $2,000 against both defendants must be construed as including this $650, to which the trial court's reasons expressly referred. Judgment against the insurer may not include this $650.
Plaintiff driver complains that his stipulated property and proven medical damages totalled $1,015, leaving of his $2,000 award $985 for general damages. He argues inadequacy while defendant argues excessiveness.
Plaintiff driver was diagnosed as suffering a cervical sprain, which his doctor described as "with multiple subluxations" evidenced in x-rays, "indicat[ing] a relatively severe sprain as compared to one that does not have this finding." However, subluxations visible in x-rays do not "per se" "substantiate [plaintiff's] complaints" of neck pain "but with the other [indications]" do. Muscle spasm found in the first visit of April 13 was gone by May 23. By July 13 there was no tenderness or spasm and plaintiff driver was discharged. Meanwhile, plaintiff testified, he suffered considerable discomfort and inconvenience (including that from a cervical collar).
Our reading of the cold record suggests we might have made a different award. But the task of appellate review is only to decide whether the trial judge or jury has exceeded the "much discretion" granted by C.C. art. 1934(3); Fox v. State Farm Mut. A. Ins. Co., La.1973, 288 So.2d 42. We are not persuaded that an award of approximately $1,000 is an abuse of the trial court's much discretion.
Similarly both sides dispute the net $1,189 award to plaintiff passenger. She was diagnosed as suffering a lumbar sprain, contusion of the coccyx, and cervical strain. Lumbar muscle spasm and tenderness were gone by May 29. The coccygeal injury is "very painful" and long-lasting, the doctor testified. The passenger testified that even at trial time she experienced pain from normal sitting, or the inconvenience of sitting on one buttock or on an inflated ring to avoid discomfort. We again find the award within the trial judge's "much discretion", C.C. art. 1934(3).
The judgment is amended to limit appellant insurer's principal liability to plaintiff Bono to $1,350 and is otherwise affirmed. Costs of appeal are to be paid half by plaintiffs, half by defendants.
Affirmed as amended.