COVINGTON, Judge.
On January 12, 1972, Murel Carmouche was a paid passenger on a bus belonging to, and operated by an employee of Capitol Transit Corporation, which had liability insurance with United States Fidelity and Guaranty Company, the other defendant.
The accident occurred at approximately 7:15 A.M. on North Boulevard between Fourth and Third (Riverside Mall) Streets in the City of Baton Rouge. Mrs. Car-mouche apparently alighted from a bus owned by Capitol Transportation Corporation at the corner of Fourth Street and North Boulevard. She exited this bus on the north side of the intersection of Fourth Street and North Boulevard, alongside the City Club. She then proceeded westward alongside the north side of North Boulevard, until she was near the City Newsstand, where she turned westward in front of another bus, owned by. defendant, which was parked next to the curb in a zone designated as a bus stop and started across the westbound lanes of North Boulevard, evidently intending to transfer to a third bus belonging to the defendant, which picked up passengers on the slanting connection between St. Louis Street and Riverside Mall. While she was traversing these west bound lanes, she was hit and mortally injured by still another bus owned by, and being operated by an employee of, Capitol Transit Corporation.
Plaintiffs, the husband and children of Murel Carmouche, contend that the negligence of the defendant consists in the failure of the driver of the parked bus to warn the decedent of the impending danger and of the failure of the driver of the moving bus to see the decedent in time to avert the collision. They further assert that, even if Mrs. Carmouche were contributorily negligent, the driver of the striking bus had the last clear chance to avoid the accident.
Defendants deny the negligence of its employees, assert the negligence of the deceased, and deny the applicability of the doctrine of last clear chance.
*909 After trial on the merits, the trial judge entered judgment in favor of defendants and plaintiffs have taken this appeal.
The plaintiffs allege and have assigned the following as specification of errors on the part of the trial judge:
1. In refusing to hold Milton Elmore, the driver of the stopped bus, negligent for his failure to warn decedent of the approaching bus owned by Capitol Transportation Company, his employer;
2. In failing to hold that Charlie Jackson, the driver of the bus which struck Mrs. Carmouche, negligent for his failure to keep a proper lookout, and in fact to look at all in order to avoid striking Mrs. Carmouche;
3. In refusing to hold that Charlie Jackson, the driver of the striking bus, had the last clear chance to avoid the accident; and,
4. In committing manifest error in not applying the evidence as presented at trial.
On the first specification of error, we find no error in the conclusion of the trial judge. Milton Elmore, driver of the parked bus, testified on cross-examination by the plaintiff, as follows; Tr. 198:
“Q I’m not arguing, I ask you was she by your bus at the time that you looked and .saw Jackson and your door was open ?
A She was coming around my bus.
Q Did you blow your horn or yell out the window or said look out lady or anything like that ?
A No, I didn’t, I didn’t motion- — ■
Q You didn’t do anything?
A I didn’t do anything. There wasn’t anything I could do.”
The trial court concluded that Milton Elmore was not negligent. He could properly conclude that the decedent would stop prior to crossing in face of oncoming traffic. Hayes v. State Farm Mutual Automobile Ins. Co., 277 So.2d 460, (La.App., 1st Cir., 1973).
The second contention of error regards the negligence of Charlie Jackson, the driver of the bus which struck Mrs. Carmouche. The Appellants’ expert on cross-examination testified as follows; Tr. 147:
“Q Mr. Clary, assume that a person running would travel at eight feet per second, and assume that the bus was traveling at a speed of eight miles per hour and was four to five feet away, when she emerged, what could the bus have done?
A If the bus was four to five feet away, and she was running at, how fast?
Q Eight feet per second, or approximately eight feet per second.
A She would have probably got hit by it.
Q Would you say then the key, Mr. Clary to the whole situation is actually where the bus was when the pedestrian first emerged and the speed of the pedestrian when she came in front of that bus ?
A Also the speed of the bus.
Q And also the speed of the bus ?
A Yes, sir.”
The trial judge had the testimony of the eyewitnesses who testified that Mrs. Car-mouche was in fact running when she attempted to cross the street. The trial Judge held in his Reasons for Judgment, that:
“. . . the evidence convinces the court that Mrs. Carmouche came from in front of a parked bus, some fifteen feet away from a designated crosswalk at such a speed and with such little warning, time and distance, that Jackson was unable to *910 avoid the collision. The court, therefore, must find that he was not negligent.”
This was the trial Judge’s conclusion as to the facts of the case. A trial court’s “reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed upon review,” Bono v. Cousins, 291 So.2d 904, (La.App., 4th Cir., 1974).
The appellants next argue that the trial Judge erred in not holding Charles Jackson, the driver of the striking bus, had the last clear chance to avoid the accident, and they relied heavily upon the holdings in Jackson v. Cook, 189 La. 860, 181 So. 195, (Sup.Ct.1938). However, before this doctrine may be given effect, three essential facts must be established: First, that the plaintiff was in a position of peril of which he was either unaware or unable to extricate himself; second, that the defendant was in a position to discover plaintiff’s peril ; and third that, at such time, the defendant could have, with the exercise of reasonable care, avoided the accident. Evans v. Thorpe, 175 So.2d 418, (La.App., 2nd Cir. 1965); McCallum v. Adkerson, 126 So.2d 835 (La.App., 2nd Cir. 1961); Maryland Casualty Co. v. Allstate Insurance Co., 96 So.2d 340 (La.App.,. 2nd Cir. 1957), (certiorari denied).
The Jackson case relied on by appellants is factually inapposite to the case under consideration. In the Jackson case, “. . . the driver could see ahead of him as he says, 25 to 30 feet, he admits his negligence in failing to keep a proper lookout when he says that he did not see plaintiff until within 5 feet of him, and traveling 20 to 25 miles per hour.” The driver in that case simply failed to see what he should have seen, and also failed to take evasive actions when he saw the plaintiff. In the case under consideration, the plaintiff was indeed in a position of peril, but the driver was not in a position to discover her peril until it was too late.
The last specification of error is without merits, based on the conclusions reached in the other specifications outlined. Our review of the testimony convinces us that this judgment is correct.
Accordingly, the judgment appealed from is affirmed at plaintiffs-appellants’ cost.
Affirmed.