STOULIG, Judge.
This case was remanded by the Supreme Court with instructions to fix quantum. In the same decision[1] it reversed our prior holding that Liberty Mutual Insurance Company was not liable because of the manner in which the policy was procured.[2]
The plaintiffs’ petition sets forth these claims:
Charles DiGerolamo — property damage $ 2,984.60
Charles DiGerolamo — general damage claim for his minor son Joseph DiGerolamo 17,500.00
Nicholas DiGerolamo — general damages 5,000.00
John Lamarque, Sr., individually — special damages 151.89
John Lamarque, Sr., general damages for his minor daughter Cynthia Lamarque 33,390.00
The claims of John Lamarque, Sr., and of Joseph DiGerolamo are not before us because neither appealed from the judgment of the trial court dismissing their suits. Between the time suit was filed and tried, Joseph DiGerolamo and Cynthia Lam-arque (who married Nicholas DiGerolamo) both attained majority and were substituted as party plaintiffs. Thus the dismissal as to John Lamarque, Sr., and Joseph DiGerolamo became final after the appeal time lapsed without their prosecuting .an appeal. (C.C.P. arts. 1974 and' 2087)
The property loss of $2,984.60 claimed by Charles DiGerolamo or his succession representative[3] is denied because the uninsured motorist coverage afforded by Liberty Mutual is limited:
“To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury,’ sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * *
*230 As to the remaining personal injury claims of Nicholas and Cynthia DiGerolamo, the trial court initially awarded $400 and $1,659, respectively. The reversing judgment rendered by the district court after a new trial was not based on the trial court’s stating it erred on quantum. Rather the second judgment results from a finding of no liability. Because we are favored with an opinion by the trial judge as to how quantum should be assessed, and because our review of the record discloses no abuse of the much discretion vested in the trial judge by C.C. art. 1934(3), we adopt his initial awards as our judgment. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
Accordingly, it is ordered, adjudged and decreed that there be judgment in favor of plaintiffs. Cynthia Lamarque DiGerolamo and Nicholas DiGerolamo in the sums of $1,659 and $400 respectively against defendant Liberty Mutual Insurance Company with legal interest from judicial demand until paid. The suit of Nicholas DiGerola-mo, as executor of the estate of Charles DiGerolamo, is dismissed with prejudice. Charles DiGerolamo’s estate and Liberty Mutual Insurance Company are to bear the costs of this litigation in equal proportions.

JUDGMENT RENDERED.

. DiGerolamo v. Liberty Mut. Ins. Co., 355 So.2d 622 (La.App. 4th Cir. 1978).

. DiGerolamo v. Liberty Mut. Ins. Co., 364 So.2d 939 (La.1978).

. The record indicates Charles DiGerolamo died while this matter was pending because Joseph DiGerolamo filed a motion to be substituted for Charles DiGerolamo as his “legal successor”. In the copy of the pleading filed in the record, the order of substitution is unsigned. In view of the result we reach we need not determine whether a succession representative had been or may now be validly substituted for Charles.