426 So.2d 711 (1982)
Bobbie J. HART, et al.
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 82 CA 0341.
Court of Appeal of Louisiana, First Circuit.
December 27, 1982.
Rehearing Denied February 17, 1983.
Writ Granted April 15, 1983.
*712 Joseph H. Simpson and Charles M. Reid, Amite, for plaintiff-appellant.
E. Kelleher Simon, Covington, for defendant-appellant Allstate.
Willie B. Route, in pro. per.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
The plaintiff individually and as natural tutrix of her minor daughter brought this action to recover from Allstate Insurance Company, her uninsured motorist insurer, damages for personal injuries which she and her minor daughter sustained in an automobile accident. The plaintiff also sought statutory penalties and attorney's fees under LSA-R.S. 22:658 for Allstate's alleged failure to make payment of the claim under both the medical payments and uninsured motorists provisions of the policy within 60 days from receipt of satisfactory proofs of loss. The case was tried by jury and a verdict was returned against the defendant and in favor of the plaintiff in the amount of $1,000. for plaintiff's injuries and $2,500. for injuries to plaintiff's minor daughter plus legal interest from date of judicial demand. Penalties of 12% and attorney's fees were also assessed.
Both parties appeal this judgment. We affirm in part and reverse in part.
*713 The facts are essentially these:
On May 29, 1980, the plaintiff and her minor daughter, Carolyn, were passengers in a car owned by the plaintiff but driven by the plaintiff's sister, who is not a party to this suit. The Hart vehicle was proceeding in an easterly direction on East Cherry Street in Amite, Louisiana, when a vehicle driven by Willie Route, proceeding in a westerly direction on East Cherry Street, began to weave from one lane of traffic to the other, and collided with the Hart vehicle. As a result of the collision, Mrs. Hart sustained injuries to her back and lower left leg, and her daughter Carolyn received a sharp blow to her mouth which lacerated the inner mouth, knocked out one of her teeth and caused sensitivity to nine other teeth which were loosened by the blow. Route, the driver of the other vehicle, was uninsured and driving while intoxicated. There was no doubt that Route was negligent. Soon after the accident Route was administered a blood level alcohol test and showed a .25 level of alcohol. At the trial the three occupants of the Hart vehicle and the officer who investigated the accident all testified that Route appeared intoxicated at the scene of the accident. He smelled of alcohol, his eyes were glassy, and his behavior was irrational. The automobile insurance policy in effect between Allstate and the plaintiff at the time of the accident provided uninsured motorist coverage in the amount of $5,000. for each person, $10,000. for each accident, and medical payments coverage up to $1,000. for each person.
The plaintiff was examined by her physician, x-rayed and was prescribed pain-relieving medication. Because of recurring pain, the plaintiff made return visits to the doctor.
The plaintiff's daughter was required to have stitches in her mouth, as well as extensive dental work to repair the tooth she lost. The daughter also had an x-ray taken of her upper lip to ascertain that there were no foreign objects lodged there. Altogether, the plaintiff and her daughter incurred substantial medical expenses.
The most difficult issue presented on appeal is the correctness of the award of penalties and attorney's fees.
The only demand effectively made upon Allstate for payment under the policy was plaintiff's demand for medical expenses incurred in the total amount of $838.68. The medical bills were transmitted to Allstate on August 25 and 29 of 1980. On September 2, 1980 Allstate forwarded medical authorization forms to plaintiff's attorney for the apparent purpose of obtaining the physician's report of treatment to corroborate the charges for treatment. These authorization forms were signed by plaintiff and returned to Allstate on September 4, 1980. The record does not indicate what action, if any, Allstate took upon receipt of the medical authorization forms, but on October 3, 1980 plaintiff sent to Allstate copies of the medical reports of the treating physicians together with the statement of Hood Memorial Hospital for $20.00 incurred by Carolyn Hart. At this point Allstate had received bills for medical expenses totaling $838.68 together with the supporting medical reports.
LSA-R.S. 22:658 provides that insurers must pay claims such as these with which we are concerned within sixty days after receipt of satisfactory proofs of loss from the insured. The statute clearly covers claims for medical payments under an automobile insurance policy. Steadman v. Pearl Assurance Co., 134 So.2d 884 (La. 1961), and Guillory v. New York Fire and Marine Insurance Co., 201 So.2d 366 (La. App. 3d Cir.1967).
The Allstate insurance policy under Part II provided coverage for medical payments to the limits of $1,000. for each person. Since there was no dispute as to the claim for medical payments and as the amount did not exceed the policy limits, Allstate was required to pay within 60 days or suffer the sanctions imposed by R.S. 22:658. We find that the 60 day period could not have begun before October 3, 1980, the date on which plaintiff sent Allstate the medical reports and final medical bill. It was on the date of receipt of these *714 documents that the insured is considered to have submitted "satisfactory proof of loss" as required by the statute. Allstate's payment to plaintiff of this claim for medical payments on November 18, 1980 fell within the 60 day period. The jury's finding that Allstate was arbitrary and capricious in failing to pay the medical expenses within 60 days is, therefore, manifestly erroneous, and must be reversed.
Allstate contends that the trial court erred in its award of penalties and attorney's fees under the uninsured motorist coverage of its policy, for two reasons. First, that the record contains no evidence in support of plaintiff's cause of action for penalties and attorney's fees and, therefore, it was error to charge the jury in this regard. And, secondly, even if there had been evidence introduced, the provisions of LSA-R.S. 22:658 are not applicable to uninsured motorist coverage of an automobile insurance policy.
The instruction to the jury[1] with regard to penalties and attorney's fees under uninsured motorist coverage was not correct in that it indicated that penalties may be awarded only if the principal award for damages was greater than the $10,000. policy limit. This was clearly incorrect because if R.S. 22:658 is applicable, penalties may be awarded regardless of whether the award is in the amount of the full policy limits. However, the quoted instruction obviously did not prejudice the jury as they returned an award for less than the full policy limits, and yet awarded penalties.
A charge to the jury, even if it is a correct statement of the law, must be based on evidence adduced in the case in order for the jury to consider its application to facts of the case and arrive at the conclusion permitted in the charge. Guerra v. Young Construction Company, 165 So.2d 882 (La. App. 4th Cir.1964). Jackson v. West Jefferson General Hospital, 245 So.2d 724 (La. App. 4th Cir.1971). The record in this case contains no evidence which would tend to prove plaintiff's claim for penalties and attorney's fees under the uninsured motorist coverage of the policy. In the absence of any such evidence it was error for the trial court to instruct the jury on the issue or claim for penalties and attorney's fees under the uninsured motorist coverage, and we, therefore, reverse that portion of the judgment.
In view of our finding that there is no evidence in this case which would prove or tend to prove that Allstate refused to consider or respond to a reasonable offer to settle, and was, therefore, clearly not arbitrary or capricious, it is unnecessary for us to decide whether the provisions of LSAR.S. 22:658 are applicable to uninsured motorist claims. See Launey v. Thomas, 379 So.2d 27 (La.App. 3d Cir.1979), writ refused 381 So.2d 1233 (La.1979).
The plaintiff has appealed the jury award, contending that it was unreasonably low. We do not agree. Plaintiff suffered a minor injury. The record shows that the injury was not serious enough to cause her to miss a day of work. The plaintiff's minor daughter did suffer a sharp blow to the mouth. She lost one tooth and, as a result, had to have dental work performed. Because of the lacerations in her inner mouth she also required stitches. Before we can disturb an award made by the trial court the record must clearly reveal that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, 341 So.2d 332 (La.1977). We cannot say that an award of $1,000. to the plaintiff and $2,500. to the daughter is so low or so high as to constitute an abuse of discretion. For the foregoing reasons, we affirm the award of $3,500. to plaintiff *715 for general damages plus interest from the date of judicial demand. The award of penalties and attorney's fees is reversed and set aside.
All costs of this appeal are taxed one-half to the plaintiff and one-half to the defendant.
AFFIRMED IN PART, REVERSED IN PART.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I respectfully concur in the result in this case, because I do not feel that the sixty-day period in R.S. 22:658 began to run only after Allstate received plaintiff's medical reports. By demanding payment, submitting medical bills, and apprising Allstate of the facts surrounding the accident, plaintiff attempted to comply with her duty to provide the insurer with "satisfactory proof of loss." See Riverland Oil Mill v. Underwriters for Lloyd's, 368 So.2d 156 (La.App. 2nd Cir.1979), writ refused, 369 So.2d 1365 (La. 1979). Plaintiff had a further duty under the policy to furnish Allstate with authorization to receive medical information, which she complied with on September 4, 1980, by returning the form sent by Allstate on September 2, 1980, requesting the authorization. At this point, the sixty-day period began to run. However, in addition to proving the lapse of sixty days, the insured must show that the insurer was not arbitrary and capricious in its failure to pay. Allstate did not receive the medical reports verifying plaintiff's claim until October 3, 1980. Therefore, I agree that Allstate was not arbitrary and capricious in withholding payment until November 18, 1980. The jury's verdict on this issue was manifestly erroneous.
I respectfully concur.
NOTES
[1] At the conclusion of the trial, the trial court instructed the jury with regard to penalties as follows:

"If you find that the insured's claim under this coverage was clearly worth the full amount of the uninsured motorist coverage and that the refusal of the insurer to pay the amount of its uninsured motorist coverage to the plaintiff was unreasonable and without justifiable cause, then you may so indicate in your answer to the special interrogatory on this issue and the Court will assess the penalty of 12% on the amount of this claim."