544 So.2d 600 (1989)
Alvin JOHNSON
v.
Melvin E. PHILLIPS, et al.
No. CA 88 0605.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*601 Gordon Hackman, Boutte, for plaintiff-appellant Alvin Johnson.
Mary G. Chappuis, Henderson, Hanemann & Morris, Houma, for defendant-appellee Aetna Life and Cas. Co.
William A. Stark, Weeks & Stark, Houma, for defendant-appellee.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
The underlying facts in this appeal are not in dispute. Plaintiff was injured in an automobile accident caused by defendant Phillips' negligent driving. After arriving at a "T" intersection, and believing that it was a one-way highway, Phillips pulled on to the two lane highway where he struck plaintiff's vehicle coming from the opposite direction. Phillips' negligence was without question. His insurer, GEICO Insurance Company, settled with plaintiff for $10,518.24, despite the fact that Phillips' insurance policy provided $15,000.00 in coverage. Plaintiff reserved his rights to other claims against the Department of Transportation and Development (DOTD) and his UM carrier, Aetna Life & Casualty Company (Aetna).
Defendant, DOTD was found not negligent in its highway construction or its sign placement and was released from the suit. Plaintiff has not appealed this finding by the trial court and hence it has become final. Plaintiff does, however, contend that the trial court erred in its assessment of damages against plaintiff's UM carrier, Aetna. The trial court found that the plaintiff's losses were as follows:

Pain and suffering ........... $ 7,500.00
Loss of Income ................. 5,775.00
Substitute Truck Rental ........ 2,041.48
Medical Expenses ............... 1,901.23
 __________
Total $17,217.71

Since Phillips' liability policy was stipulated to be $15,000.00 and plaintiff released Phillips and his insurer for $10,518.24, this left a total of $4,481.76 on the negotiating table. Thus Aetna would only be liable if plaintiff's proved damages exceeded Phillips' original $15,000.00 insurance policy.
The trial court concluded that Phillips was under insured in the amount of $2,217.71. This represented the difference between the total damages, $17,217.71, and the amount of the GEICO policy, $15,000.00. As Aetna had paid $1,000.00 under its medical payment provisions of the plaintiff's policy, it was entitled to a credit for this amount leaving its exposure under the UM provisions of its policy of only $1,217.71. Aetna was cast for this amount in the original judgment rendered by the trial court. Plaintiff filed a motion for new trial and a rule to tax costs against Aetna for the depositions and trial testimony of the physicians involved in the trial. Aetna *602 filed a motion for new trial indicating that it was improper for the trial court to include the plaintiff's costs of substitute truck rental in making the determination as to whether the tort-feasor, Melvin Phillips, was underinsured. After hearing both rules and motions, the trial court rendered an amended judgment in favor of Aetna and against plaintiff of dismissing Aetna from the suit entirely as well as imposing the costs on the plaintiff. In effect, the trial court took away from the plaintiff the $1,217.71 that plaintiff had been granted in the original judgment. The trial court indicated that indeed it had erred in calculating the total amount of damages sustained by plaintiff in including the truck rental amount.
On appeal plaintiff alleges eight assignments of error.
1. Failing to make an adequate award for pain and suffering.
2. Failing to make an adequate award for loss of earnings.
3. Failing to award costs as set out in the original judgment, when no motion for new trial had been filed on this issue.
4. Failing to award penalties and attorney's fees for late payment of medical payment.
5. Failing to award penalties and attorney's fees for zero payment of UM.
6. Failing to award property damage and loss of use damages.
7. Awarding inadequate costs for Maki's testimony.
8. Failing to assess costs of court against Aetna.
We affirm the trial court judgment as rendered, finding these assignments of error have no merit.
In assignment number one, plaintiff alleges the trial court failed to make an adequate award for pain and suffering. Plaintiff complained of two injuries at trial. The major injury was pain in his thumb which proved to be a torn ligament. Plaintiff had minor surgery to correct this which required a two day hospital stay at Thibodaux General Hospital. Thereafter, he was required to wear a plastic cast on his left hand for a period of six weeks. In early November 1981, approximately three months after his accident and injury, Dr. Neil Maki, concluded that Mr. Johnson was able to return to work which included his activities as a bricklayer. The following month, in early December, he was released to full activities without restriction whatsoever. At trial, Dr. Maki testified that any residual impairment to the thumb would be very minimum and plaintiff would have progressive improvement in the future. When asked to assign a percentage of permanent impairment to plaintiff's left hand, Dr. Maki indicated a 5% maximum.
Plaintiff also mentioned at trial that he had sustained knee injuries as a result of the accident. At Dr. Maki's deposition taken on December 14, 1983, he stated that he recalled no complaints of knee injuries and that he usually recorded all such complaints. At trial, however, he testified about another office visit with Mr. Johnson on December 28, 1983, with complaints of pain at the right knee. It is interesting to note that this knee complaint and the resulting examination occurred exactly two weeks after Dr. Maki's deposition that indicated Mr. Johnson had not made viable complaints of knee injuries at the emergency room examination by Dr. Maki on the date of the accident. Although the emergency room records of Thibodaux General Hospital reflected that Mr. Johnson mentioned knee pain, this was the sole reference and complaint until more than two years later.
The trial court awarded plaintiff $7,500.00 for his pain and suffering for his slight residual disability in his left hand. On appeal, plaintiff suggests that this award is inadequate and suggests we assess damages in the amount of $20,000.00. Although both parties have cited several cases to their advantage, we conclude after a thorough examination of the record and of the plaintiff's testimony, that an award of $7,500.00 is appropriate in light of the circumstances and of the complaints given by plaintiff.
*603 Plaintiff's next assignment of error pertains to the trial judge's alleged error in making inadequate award for lost earnings. The trial court found that in the year prior to Mr. Johnson's injury, he had earned less than $10,000.00 as a bricklayer. In calculating the award given to plaintiff for loss of income, the trial judge computed that during the plaintiff's seven month period of disability, he could have earned $5,775.00. The trial court obtained this figure based upon the previous year's income of $9,899.00. The plaintiff alleges this was an insufficient award as the law in Louisiana is not based upon a loss of income but upon a loss of earning capacity. On appeal, however, plaintiff's counsel urges that we add to the award granted by the trial court an additional sum of $2,135.00. Plaintiff argues that this additional sum should be granted as this is the loss of actual income during the period of time. We disagree with this additional sum being added to any award granted by the trial court. To quote from the trial judge's Reasons For Judgment:
Plaintiff's claim for loss [sic] wages is the most difficult to determine. If precise delineation was required, plaintiff would be completely out. His records were woefully inadequate and it is impossible to tell what was definite and what was merely hopeful in the matter of lost work.
Accepting the present jurisprudential holding that when a claim for lost wages cannot be provided with any mathematical certainty, it can be established by any proof that reasonably establishes the claim, such as plaintiff's own testimony, Jackson v. Tate, 428 So.2d 882 [La.App. 1st Cir.1983], the Court feels that it can make an equitable determination. Accepting his testimony that he was incapacitated for seven months and that for the prior year, when he was hale and hardy, he had earned $9899, we can compute that he could reasonably have earned $5775 during the seven month period of disability. But, we cannot equitably add to this, as his counsel did, the sum of $2135 which he listed as actual lost earnings. He cannot have it both ways. We must go with an average estimation on past performance or with a loss actually proved. The proof of "actual" loss was too speculative. The Court feels that the "average" is a more equitable solution. This would also cover and compensate for loss of earning capacity during this period since an "average" calculation accepts him as having no such loss of capacity.
In reviewing the testimony before this court, we conclude that the trial court was most gracious in its award to plaintiff for loss of earnings and earning capacity and we find no abuse of discretion therein. This assignment of error is without merit.
Plaintiff's next assignments of error, numbers 3, 7, and 8, pertain to the assessment of costs against plaintiff in the amended judgment.
A trial judge has great discretion in assessing costs. LSA-C.C.P. art. 1920. As a general rule, costs are to be taxed to the losing party. Long v. Panther Airboat Corp., 453 So.2d 304 (La.App. 1st Cir.1984). In the amended judgment, Aetna was adjudicated as the successful party as it was not cast with any damages at all and was dismissed from the suit. Once Aetna was deemed to be the "winner", the trial court had authority under article 1920 to assess costs to the plaintiff. These assignments of error are totally without merit and warrant no further discussion.
Plaintiff's next assignment of error pertains to the property damage and loss use damages granted by the trial court. In the trial court's original judgment for $17,217.71, there was included a substitute truck rental charge of $2,041.48. In Aetna's motion for new trial it argued that this amount should not have been included in plaintiff's award as its UM policy does not cover such damages and should not have been included. LSA-R.S. 22:1406 D (1) (a) provides that uninsured or underinsured motorists' coverage must be included in a policy to provide protection for persons who are "legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because *604 of bodily injury, sickness or disease, including death, resulting therefrom".
Since plaintiff's alleged expenses for his substitute truck rentals were in effect property damages, they should not have been included in calculating the original damage award given to plaintiff. There are several cases on point which have addressed this issue regarding property damages and its lack of coverage by an insured's UM provisions. See Bono v. Cousins, 291 So.2d 904 (La.App. 4th Cir.1974); DiGerolamo v. Liberty Mutual Ins. Co., 369 So.2d 228 (La.App. 4th Cir.1979); Damico v. United States Fidelity and Guaranty Co., 230 So.2d 429 (La.App. 3d Cir.1969); Phillips v. Garden, 211 So.2d 735 (La.App. 2d Cir.1968). These cases stand for the proposition, that expenses which are not related to bodily injury have been held to be property damages. These have included expenses for the repair of a vehicle, damages for the loss of eyeglasses and dentures, and any other element of damages that does not properly fall under the provisions under a UM policy.
In the amended judgment, the trial court properly gave Aetna credit for the $2,041.48 it had originally granted to plaintiff in its original award, thus the amended judgment eliminated any liability whatsoever for Aetna as this judgment came in under the limit of defendant Phillips' liability policy.
Plaintiff's next assignment of error, which alleges trial court error in awarding no penalties and attorney's fees for the payment of UM is moot as we have concluded that Aetna was not liable under its UM provisions.
In addressing plaintiff's last assignment of error, we agree with the trial court that there was no late payment and any delay in payment of the medical payments was due to a failure of plaintiff's counsel to properly supply Aetna with the necessary information to validate plaintiff's medical claims. On appeal, plaintiff incorrectly cites LSA-R.S. 22:657 as grounds for awarding penalties and attorney's fees to plaintiff. This particular section pertains to health and accident policies of which a thirty day period applies once sufficient documentation has been given to the insurer. Plaintiff incorrectly cites this statute, as its sister statute 22:658, applies to medical payments provisions under an automobile policy. Hart v. Allstate Insurance Company, 426 So.2d 711 (La.App. 1st Cir. 1982); aff'd in part, rev'd in part, 437 So.2d 823 (La.1983). LSA-R.S. 22:658 allows an insurer up to sixty days to make payments on substantiated medical claims before penalties and attorney's fees are to be assessed against it. Although there is some discrepancy in the record as to whether or not plaintiff's counsel sufficiently supplied documentation in his original letter of August 21, 1981, the record clearly supports the finding by the trial court that Aetna's claim representatives made sufficient numerous good faith attempts in procuring the necessary documentation and reports from plaintiff's counsel.
The insured carries the burden of proof that the insurer received satisfactory proof of loss of the claim to prove lack of probable cause, arbitrariness, or capriciousness in failing to pay a claim. Hawthorne v. Southeastern Fidelity Ins. Co., 387 So.2d 26 (La.App. 3d Cir.1980). Plaintiff failed to carry this burden of proof in this case. There is clearly no refusal or rejection to pay such claim. The claim was eventually paid and Aetna rendered full payment under its medical payment provisions in issuing plaintiff a check in the amount of $1,000.00. While this assignment of error has some merit to it, it is not of a sufficient nature to warrant a reversal in this matter as we conclude Aetna did not breach its duty to the plaintiff under its medical payment provisions of the policy. There is no reversible error here.
In reviewing the record, we conclude that there is no reversible error in any of plaintiff's assignments of error and affirm the judgment as rendered.
All costs of this appeal are to be taxed to plaintiff/appellant.
AFFIRMED.